IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| The STATE OF TEXAS, *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civil Action No. 3:22–cv–00780-X ) |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, | ) ) ) ) ) |
| *Defendants.* | ) ) |

**DEFENDANTS' RESPONSE TO MOTION TO INTERVENE AS DEFENDANTS**

## INTRODUCTION

Proposed Intervenors Jesus, Rosa, Timoteo, and Uzias, "four parents in various stage of applying to" the Central American Minors (CAM) Program, move to intervene as defendants in this case, which involves a challenge by 15 States to CAM under the Administrative Procedure Act, Immigration and Nationality Act, and U.S. Constitution. ECF No. 19 at 1. CAM is a program, reinstated and expanded by the Government in 2021, which permits noncitizens who have or are seeking lawful status in the United States to seek admission of their children or other qualifying relatives in Central America as refugees or their entry as parolees. *Id.* at 1-2, 4. The Government is actively defending CAM in this lawsuit. *See, e.g.*, ECF No. 5. Because Proposed Intervenors have not established that the Government does not represent their aligned interests in defending the reimplementation and expansion of CAM, they are not entitled to intervene in this matter as of right.  However, the Government takes no position on whether they qualify for permissive intervention.

## ARGUMENT

**I.     Proposed Intervenors Must Rebut Presumptions that Government Representation is Adequate.**

Federal Rule of Civil Procedure 24(a) permits a party to seek intervention as of right while Rule 24(b) allows for permissive intervention. *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019) (citing Fed. R. Civ. P. 24). Under Rule 24(a)(2) an individual is entitled to intervention as of right:

> (1) when (he) claims an interest relating to the property or transaction which is the subject of the action and (2) he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, (3) unless (his) interest is adequately represented by existing parties.

1

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 268 (5th Cir. 1977). The burden of establishing inadequate representation is on the applicant for intervention. *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). Proposed intervenors must overcome two presumptions that representation is adequate. *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (citing *Edwards*, 78 F.3d at 1005).

The first presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* (internal quotation omitted). To rebut this presumption, an intervening party must show "adversity of interest, collusion, or nonfeasance" on the part of the existing party. *Id.* at 661-62. Not any general adversity of interest will suffice: in order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the existing party's interests "in a manner germane to the case." *Id.* at 662.

The second presumption arises when the existing party is a governmental entity or officer "charged by law with representing the interests of the intervenor." *Id.* at 661 (quoting *Edwards*, 78 F.3d at 1005) (internal quotation marks omitted). To rebut this presumption, the intervening party must show that its interest is in fact different from that of the Government, and that the Government will not represent that interest. *Id.* at 662.

The Government has the same ultimate objective here as Proposed Intervenors: defending the reimplementation and expansion of CAM, and representing the interests of all applicants and beneficiaries in this administrative challenge to CAM. Both presumptions thus apply.

Proposed Intervenors rely on *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014), to argue that the presumptions do not apply. ECF No. 19 at 12. But *Brumfield* is inapposite. In that case, the court held that the interest of the state litigant and the parent intervenors did not "align precisely" because the state had interests not shared by the parents, and the parents maintained a

2

"significantly different" legal position regarding the court's jurisdiction. 749 F.3d at 345-46; *accord Texas*, 805 F.3d at 662. Here, Proposed Intervenors have not shown that the Government may be serving any other interests or attempting to maintain any other relationships beyond those necessary to defend the continuing implementation of CAM—the same goal shared by Proposed Intervenors.[1]  Furthermore, Proposed Intervenors have not indicated how the Government's legal theories might differ from their own.  Accordingly, the adequate-representation presumptions apply here.

## II.  Proposed Intervenors Have Not Rebutted Presumptions that Government Representation is Adequate.

Proposed Intervenors have not rebutted the applicable presumptions. They have not shown the realistic possibility of a "lack of unity in all objectives, combined with real and legitimate additional or contrary arguments" between themselves and the Government. *Texas*, 805 F.3d at 662 (citing *Brumfield*, 749 F.3d at 346). The Government is vigorously defending the reimplementation and expansion of CAM and plans to use all appropriate legal and factual arguments to that end. Proposed Intervenors have not shown otherwise.

Proposed Intervenors argue that this case is similar to *Texas* and, therefore, the presumptions are rebutted.  ECF No. 19 at 12. However, *Texas* does not support their argument. Although the *Texas* intervenors also alleged that the Government had broader interests, such as "in securing an expansive interpretation of executive authority, efficiently enforcing the immigration laws, and maintaining its working relationship with the States"[2] that the intervenors

---

[1] Proposed Intervenors allege, but do not further develop or offer support for, the statement that the Government "ha[s] more extensive interests in this litigation as compared to Proposed Intervenors." ECF No. 19 at 12.

[2] Proposed Intervenors do not argue that the Government's relationship with the States is at issue

did not share, the Fifth Circuit did not merely grant intervention on that basis. *See* 805 F.3d at 663. Rather, the Court further inquired as to whether and how any divergent interests "have impacted the litigation." *Id. Texas* held the intervenors had made such a showing because the Government and intervenors had taken conflicting legal positions on whether states may refuse to issue driver's licenses to deferred action recipients. *Id.* The Government argued that the states could take a position the court held was "directly adverse" to the intervenors. *Id.* However, the Fifth Circuit explained, where prospective intervenors fail to "connect the allegedly divergent interests with any concrete effects on the litigation," they fail to carry their burden. *Id.* at 662 (citing *Hopwood v. Texas*, 21 F.3d 603 (5th Cir. 1994)).

Here, Proposed Intervenors have not offered any evidence suggesting that the Government has or might take a legal position conflicting with their own that would have a "directly adverse" impact on their interests. They allege without support that the Government "do[es] not have direct access to facts showing that the CAM parole termination sought by Plaintiffs would cause irreparable harm to CAM beneficiaries." ECF No. 19 at 13. The Government is aware of the humanitarian and personal value of CAM and the harm its loss would costs to beneficiaries, as it explained when reinstating the program and expanding it. *See* Office of the Spokesperson, U.S. Dep't of State, "Restarting the Central American Minors Program" (Mar. 10, 2021) https://www.state.gov/restarting-the-central-american-minors-program/ (explaining the CAM program "is an important step toward expanding lawful pathways for humanitarian protection and opportunity in the United States," and has been used to reunify nearly 5,000 children safely and securely with their families); U.S. Dep't of Homeland

---

here, nor do they explain how the Government's reinstatement of a previously existing program actually would expand the scope of executive authority or represent a new manner of enforcing immigration laws in these circumstances.

4

Sec., "Joint Statement by the U.S. Department of Homeland Security and U.S. Department of State on the Expansion of Access to the Central American Minors Program" (June 15, 2021), https://www.dhs.gov/news/2021/06/15/joint-statement-us-department-homeland-security-and-us-department-state-expansion (noting expansion aims to ensure "humane migration from Central America through this expansion of legal pathways to seek humanitarian protection in the United States").[3]

Proposed Intervenors also note that CAM had been terminated prior to the Government's reinstatement of it last year. ECF No. 19 at 13-14 (citing *S.A. v. Trump*, 363 F. Supp. 3d 1048, 1062 (N.D. Cal. 2018)). However, they do not suggest or explain any realistic possibility that the Government, after taking efforts to reimplement and expand CAM, would not defend it or would adopt a position contrary to CAM's lawfulness in *this* litigation. *See Texas*, 805 F.3d at 662 (divergence of interests must be "germane to the case" to show inadequate representation).

Proposed Intervenors argue they have "divergent interests" from the Government because "Defendants have broad institutional interests in preserving the CAM Program, while Proposed Intervenors have narrow, personal interests" in preserving CAM. ECF No. 19 at 12-13. But they never explain how these interests diverge, nor have they shown how any allegedly divergent interests would impact the defense of CAM. *See Texas*, 805 F.3d at 662. Proposed Intervenors fail to substantiate any likelihood that the Government's arguments or positions will diverge from their own in any way meaningful to this case, or that they lack the same objective of zealously defending CAM in its expanded and fullest form. They therefore fail to rebut the

---

[3] To the extent that Proposed Intervenors believe that a more personal explanation of the humanitarian value of CAM is necessary for defending CAM in this matter, they do not explain why intervention is necessary to offer such insight and they could not provide it through participation as amici.

presumption that the Government is adequately representing their interests in this case and are not entitled to intervention as of right.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors fail to show that they are entitled to intervention as of right. The Government takes no position on whether they qualify for permissive intervention.

Dated: April 11, 2022

Respectfully submitted,

CHAD E. MEACHAM
*United States Attorney*

BRIAN W. STOLTZ
*Assistant United States Attorney*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                          /s/ *Joseph A. Darrow*
                                                          JOSEPH A. DARROW
                                                          U.S. Department of Justice