## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

STATE OF TEXAS et al.,                §
                                      §
        Plaintiffs,                   §
                                      §
v.                                    §          Civil Action No. 3:22-cv-00780-M
                                      §
JOSEPH R. BIDEN, JR., et al.,         §
                                      §
        Defendants.                   §
                                      §
                                      §

## ORDER

Before the Court is the Motion to Intervene, filed by Proposed Intervenors Jesus, Rosa, Timoteo, and Uzias. ECF No. 19. For the reasons stated below, the Motion is **GRANTED** as to Timoteo and Uzias, and **DENIED** as to Jesus and Rosa.

Plaintiffs in this case are fifteen states who have sued federal officials and agencies over the reinstatement of the Central American Minors ("CAM") program, which allows qualifying nationals of Honduras, El Salvador, and Guatemala residing in the United States to apply for their minor, unmarried children and/or qualifying caretaker to join them in the United States. Proposed Intervenors are four non-citizen parents who have applied for their children to enter the United States under the CAM program. Proposed Intervenors Jesus and Rosa each have children who have previously participated in the CAM program under the Obama administration, and have already traveled to the United States or received authorization to do so. *See* Mot. (ECF No. 19) at 9–11; Pls.'s Resp. (ECF No. 36) at 8–11 & n.3. Timoteo has a minor, unmarried daughter in El Salvador, who is currently waiting for a decision regarding her CAM application, following the program's reinstatement in 2021. Mot. at 10. Uzias has two minor, unmarried children in

1

Honduras, and is actively seeking assistance of a resettlement agency with filing a CAM application on their behalf.  *Id.* at 10–11.  Proposed Intervenors argue that they each have a protectable interest in the case which is inadequately represented by the existing parties, justifying intervention.

Under Federal Rule of Civil Procedure 24, a court must grant intervention as a matter of right to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  In addition, a district court may, in its discretion, permit intervention where the applicant moves timely and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  In assessing whether to allow permissive intervention, the court may consider, *inter alia*, the effect of permitting intervention on the existing parties, whether the intervenors' interests are adequately represented by other parties" and whether the intervenors will significantly contribute to full development of the underlying factual issues in the suit.  *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472–73 (5th Cir. 1984); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977).

Plaintiffs oppose intervention, primarily on the grounds that Proposed Intervenors have not established they are entitled to intervene as a matter of right under Rule 24; Plaintiffs' objections to permissive interference are based primarily on the added complexity and delay that additional parties will bring to the litigation.  Defendants contend only that the Proposed Intervenors have not established that they are entitled to intervene as a matter of right, and take no position as to permissive intervention.

Having considered the briefing and the respective positions of Plaintiffs and Defendants—including Defendants' non-opposition to permissive intervention—the Court determines in its discretion that permissive intervention is appropriate.  Proposed Intervenors' request to intervene is timely; the case is in its infancy, the Court has not yet entered a scheduling order, and no dispositive motions have been filed.  In addition, Proposed Intervenors have an interest in this case, namely the continuing operation of the CAM program to adjudicate applications for parole status, and a perspective that will contribute to full development of the underlying factual issues.

However, two of the Proposed Intervenors—Jesus and Rosa—have children whose applications under the CAM program have already been approved, and their claims for parole recognized and acknowledged by Plaintiffs.  *See* Pls. Resp. at 9–10.  Although the Court recognizes that Jesus and Rosa assert concerns regarding the CAM program's continued operations, the Court concludes that those interests are sufficiently represented by the other two Proposed Intervenors, Timoteo and Uzias.

Accordingly, the Motion is **GRANTED IN PART** and **DENIED IN PART**.  Timoteo and Uzias are permitted to intervene in this matter, and by June 7, 2022, shall file a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12(b).  The Motion is **DENIED** as to Jesus and Rosa.

**SO ORDERED**.

May 26, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE