# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

|  |  |
|---|---|
| The STATE OF TEXAS, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 3:22-cv-00780-M |
| ) | |
| JOSEPH R. BIDEN JR., ) | |
| his official capacity as President ) | |
| of the United States, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On May 30, 2024, Plaintiff States filed a notice of supplemental authority concerning a decision, issued by a district court in the Eastern District of Texas, denying a Rule 12(b)(1) motion to dismiss the plaintiff state's claims because "the dispute at issue . . . *is* the merits question." ECF No. 183 at 1 (citing *Daily Wire, et al. v. Dep't of State, et al.*, No. 6:23-cv-609-JDK, 2024 WL 2022294 (E.D. Tex. May 7, 2024)). *Daily Wire* is not relevant here because the issue raised by Defendants in their factual attack on jurisdiction in their Rule 12(b)(1) motion *is not* the merits issue in this case.

In *Daily Wire*, two media companies (the media plaintiffs) and the state of Texas alleged that the U.S. Department of State violated the First Amendment by "actively intervening in the news-media market to render disfavored press outlets unprofitable." 2024 WL 2022294 at *1. The media plaintiffs alleged Defendants used censorship technologies to abridge their rights to free speech and free press. *Id.* at *3. Texas alleged Defendants encouraged social media companies to violate a Texas law prohibiting media companies from censoring speech based on the speaker's viewpoint. *Id*. The government moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) asserting both a facial and factual attack on standing. The government's factual attack consisted of evidence that it claimed demonstrated that it neither used censorship technology to abridge the media plaintiffs' free speech and that it made no effort to block compliance with the Texas law. *Id*. at *8-9, *12. The Court denied the government's factual challenge to Texas's standing because "the dispute at issue—whether Defendants interfered with Texas enforcement of [its law]—*is* the merits question." *Id*. at *9. The Court also dismissed the government's factual challenge to the media plaintiffs' standing because it found that whether the government used technology to censor the media companies (and thus injured them by depriving them of their Fifth Amendment rights) was both the standing issue and the merits issue. *Id*. at *12. Thus, *Daily Mail* stands for the

1

proposition that denial of a factual attack on standing may be appropriate where the standing question and the merits question are the same. That is not the case here.

In this case, the jurisdictional question as to standing is whether the States established that their asserted harm—an overall increase in State costs attributable to Central America Minors (CAM) program parolees settling in their States—had occurred or was certainly impending to occur at the time the States filed their claims. *See generally* ECF Nos. 14, 110. That is not the merits question presented in this case. The merits questions the States raised are whether the CAM parole program violates the Administrative Procedures Act (APA) because it is contrary to law, arbitrary and capricious, lacked reasoned decision-making, failed to consider alternative approaches, failed to consider state reliance interests, or required notice and comment, and whether it violates the Take Care Clause of the U.S. Constitution. ECF No. 14 ¶¶ 85-113; *accord* ECF No. 110 ¶¶ 48-74. Because Defendants' challenge to the States' standing does not require the Court to reach the merits of the States' contentions that the CAM parole program violates the APA or Take Care Clause, *Daily Wire* is irrelevant.

Dated: May 31, 2024                  Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     *Principal Deputy Assistant Attorney General*

                                     WILLIAM C. PEACHEY
                                     *Director*
                                     Office of Immigration Litigation
                                     District Court Section

                                     EREZ REUVENI
                                     *Counsel*

                                     BRIAN C. WARD
                                     *Senior Litigation Counsel*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-7537
Email: joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
United States Department of Justice

3