# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| The STATE OF TEXAS, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, <br> in his official capacity as <br> President of the United States, *et al.*, <br><br> *Defendants.* | Civil Action No. 3:22-cv-00780-M |

**JOINT STATUS REPORT AND UNOPPOSED MOTION TO EXTEND STAY**

The parties jointly report as follows in response to the Court's Order of July 11, 2025, staying this case for 60 days and directing the parties to report "any relevant action by the Secretary" by September 5, 2025. ECF No. 214.

Plaintiffs seek in this case to vacate and set aside the Central American Minors ("CAM") parole process pursuant to 8 U.S.C. § 1182(d)(5)(A).

Defendants report as follows: On January 20, 2025, the President signed executive orders calling, in pertinent part, for DHS to "re-establish a uniform baseline for screening and vetting standards and procedures, consistent with the uniform baseline that existed on January 19, 2021, that will be used for any alien seeking a visa or immigration benefit," *Protecting the United States From Foreign Terrorists*, 90 Fed. Reg. 8451 (Jan. 20, 2025); ensure that the section 1182(d)(5)(A) parole authority "is exercised only on a case-by-case basis in accordance with the plain language of the statute," *Protecting the American People Against Invasion*, 90 Fed. Reg. 8443 (Jan. 20, 2025); and "consistent with applicable law, take all appropriate action to: … [t]erminate all

categorical parole programs that are contrary to the policies of the United States established in my Executive Orders," *Securing Our Borders*, 90 Fed. Reg. 8467 (Jan. 20, 2025).

That same day, Acting Homeland Security Secretary Benjamine Huffman issued a memorandum directing DHS to review existing parole policies to determine which are in strict compliance with section 1182(d)(5)(A), and providing authority, based on that review, to "pause, modify or terminate" any parole policy that does not comply if: it "was not promulgated pursuant to the procedural requirements of the [APA] or any comparable scheme," "any legitimate reliance interests" are protected, and "[d]oing so is otherwise consistent with applicable statutes, regulations, and court orders." DHS, "Exercising Appropriate Discretion Under Parole Authority," Jan. 20, 2025 (attached as Exhibit A in ECF No. 204).

Defendants further report that they have conducted an initial review of parole processes called for in parts 1(a)-(d) of the Huffman Memorandum. On January 23, 2025, Defendants paused adjudication of all requests for parole under the CAM parole program[1] and are still in the process of determining next steps for the program.

On May 28, 2025, the United States District Court for the District of Massachusetts issued an order granting partial relief on plaintiffs' Preliminary Injunction and Stay of Administrative Action motion. *See Svitlana Doe, et al., v. Noem, et al.*, No. 1:25-cv-10495, ECF No. 107 (D. Mass. May 28, 2025) ("Order"). This Order required U.S. Citizenship and Services (USCIS) to lift

---

[1] The parties note that, in accordance with the settlement and court order entered in April 2019 in *S.A. v. Trump*, No. 18-cv-03539 (N.D. Cal. April 12, 2019), USCIS is required to process requests for parole from aliens who had been conditionally approved for CAM parole and had their approval rescinded when the CAM program was terminated in 2017. Adjudications recently resumed for *S.A.* settlement class members after a temporary pause as of July 1, 2025. Adherence to this court order does not reflect that parole adjudications under the current CAM program have resumed.

the hold on adjudicating re-parole[2] requests filed by individuals who already received parole pursuant to, *inter alia*, CAM. Therefore, pursuant to this Order, Angelica Alfonso-Royals, Acting Director for USCIS, issued a memorandum on June 9, 2025, entitled "Adjudication of Requests filed by Parolees Under Specified Parole Programs" (Alfonso-Royals Memo). The Alfonso-Royals Memo authorizes USCIS officers to adjudicate all pending requests for re-parole and associated benefits for aliens that have already been paroled though, *inter alia*, CAM. Thus, USCIS has resumed adjudicating re-parole requests filed by parolees who were initially paroled under the Central American Minors parole program. The Alfonso-Royals memo provides that new or pending requests for initial CAM parole are still on adjudicative hold.

Accordingly, the parties respectfully request that the Court continue the administrative stay and closure of this case at this time. The parties will report on any additional relevant developments in 60 days, on or before November 4, 2025.

Date: September 5, 2025

Respectfully submitted,

| | |
|---|---|
| James K. Rogers<br>Arizona Bar No. 027287<br>America First Legal Foundation<br>611 Pennsylvania Ave. SE #231<br>Washington, DC 20003<br>202-964-3721<br>james.rogers@aflegal.org | Ken Paxton<br>Attorney General<br><br>Brent Webster<br>First Assistant Attorney General<br><br>Ralph Molina<br>Deputy First Assistant Attorney General |

---

[2] The Immigration and Nationality Act (INA) authorizes the Secretary of Homeland Security to parole "any" applicant for admission temporarily "under such conditions as [the Secretary] may prescribe" "on a case-by-case basis for urgent humanitarian reasons or significant public benefit." § 1182(d)(5)(A). Re-parole is the approval of a new period of parole for someone who was previously paroled into the United States, and does not concern an individual's initial parole application, as this case challenges. *See* ECF No. 14 (Amended Complaint) ¶ 73 ("On September 13, 2021, the Defendants announced that *applications for the CAM Program* would be accepted beginning on September 14.") (emphasis added) and ECF No. 110 (Supplemental Complaint) (challenging the "CAM Enhancements," which creates a tiered priority system for CAM applicants).

Ryan D. Walters
Deputy Attorney General for Legal Strategy


/s/ *David Bryant*
David Bryant
Attorney-in-Charge
Senior Special Counsel
Texas Bar No. 03281500

Munera Al-Fuhaid
Special Counsel
Texas Bar No. 24094501

**Office of the Attorney General of Texas**
PO Box 12548 (MC 009)
Austin, TX 78711-2548
Phone: (512) 936-2714
Fax: (512) 457-4410
David.Bryant@oag.texas.gov
Munera.Al-Fuhaid@oag.texas.gov

*Counsel for Plaintiff State of Texas*

YAAKOV M. ROTH
*Acting Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

/s/ *Caroline McGuire*
CAROLINE MCGUIRE
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
*Counsel for Defendants*

*/s/ Linda B. Evarts*
LINDA B. EVARTS
International Refugee Assistance Project
One Battery Park Plaza, 33rd Floor
New York, NY 10004
516-838-1655
Fax: 516-324-2267
Email: levarts@refugeerights.org

*/s/ Debra J. McComas*
Debra J. McComas
HAYNES & BOONE LLP
State Bar No. 00794261
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Tel. (214) 651-5000
Fax (214) 651-5940
*debbie.mccomas@haynesboone.com*

*Counsel for Defendant-Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Caroline McGuire*
CAROLINE MCGUIRE
United States Department of Justice

5