# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| The STATE OF TEXAS, *et al.*, | ) ) ) |
|  | ) |
| *Plaintiffs,* | ) |
|  | ) |
| v. | )  Civil Action No. 3:22-cv-00780-M |
|  | ) |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) ) ) ) |
|  | ) |
| *Defendants.* | ) ) |

## JOINT STATUS REPORT AND OPPOSED MOTION TO EXTEND STAY

The parties jointly report as follows in response to the Court's Order of November 18, 2025, staying this case for 60 days and directing the parties to report "any relevant action by the Secretary" by January 16, 2026. ECF No. 230.

**Defendants' Position:** Defendants respectfully request that this Court extend the stay in this matter for an additional 63 days, until March 20, 2026. The Court has granted the parties' six previous joint requests to maintain a stay in this matter. ECF Nos. 198, 204, 205, 210, 212–216, 230, 231. As the status of this case remains unchanged, Defendants maintain that a further stay of this matter is warranted. Intervenors do not oppose the request for a stay and join Defendants' opposition to Plaintiffs' last-minute, and unwarranted, attempt to broaden the scope of this case for the reasons stated herein. Plaintiff opposes this request and their full position is provided below.

Plaintiffs seek in this case to vacate and set aside the Central American Minors ("CAM") parole process pursuant to 8 U.S.C. § 1182(d)(5)(A). On January 20, 2025, the President signed executive orders calling, in pertinent part, for DHS to "re-establish a uniform baseline for screening

and vetting standards and procedures, consistent with the uniform baseline that existed on January 19, 2021, that will be used for any alien seeking a visa or immigration benefit," *Protecting the United States From Foreign Terrorists*, 90 Fed. Reg. 8451 (Jan. 20, 2025); ensure that the section 1182(d)(5)(A) parole authority "is exercised only on a case-by-case basis in accordance with the plain language of the statute," *Protecting the American People Against Invasion*, 90 Fed. Reg. 8443 (Jan. 20, 2025); and "consistent with applicable law, take all appropriate action to: … [t]erminate all categorical parole programs that are contrary to the policies of the United States established in my Executive Orders," *Securing Our Borders*, 90 Fed. Reg. 8467 (Jan. 20, 2025).

That same day, Acting Homeland Security Secretary Benjamine Huffman issued a memorandum directing DHS to review existing parole policies to determine which are in strict compliance with section 1182(d)(5)(A), and providing authority, based on that review, to "pause, modify or terminate" any parole policy that does not comply if: it "was not promulgated pursuant to the procedural requirements of the [APA] or any comparable scheme," "any legitimate reliance interests" are protected, and "[d]oing so is otherwise consistent with applicable statutes, regulations, and court orders." DHS, "Exercising Appropriate Discretion Under Parole Authority," Jan. 20, 2025 (attached as Exhibit A in ECF No. 204).

Defendants further report that they have conducted an initial review of parole processes called for in parts 1(a)-(d) of the Huffman Memorandum. On January 23, 2025, Defendants paused adjudication of all requests for parole under the CAM parole program[1] and are still in the process of determining next steps for the program.

---

[1] The parties note that, in accordance with the settlement and court order entered in April 2019 in *S.A. v. Trump*, No. 18-cv-03539 (N.D. Cal. April 12, 2019), USCIS is required to process requests for parole from aliens who had been conditionally approved for CAM parole and had their approval rescinded when the CAM program was terminated in 2017. Adjudications resumed for *S.A.*

On May 28, 2025, the United States District Court for the District of Massachusetts issued an order granting partial relief on plaintiffs' Preliminary Injunction and Stay of Administrative Action motion in *Svitlana Doe, et al., v. Noem, et al*. 1:25-cv-10495, ECF No. 107 (D. Mass. May 28, 2025) ("Order"). This Order required U.S. Citizenship and Services (USCIS) to lift the hold on adjudicating re-parole requests filed by individuals within the United States who initially received parole pursuant to, *inter alia*, CAM. Therefore, pursuant to this Order, Angelica Alfonso-Royals, Acting Director for USCIS, issued a memorandum on June 9, 2025, entitled "Adjudication of Requests filed by Parolees Under Specified Parole Programs" (Alfonso-Royals Memo). *Id.*, ECF No. 134, Exhibit 1 (June 26, 2025). The Alfonso-Royals Memo authorizes USCIS officers to adjudicate pending requests for re-parole and associated benefits for aliens in the United States who were initially paroled through, *inter alia*, CAM. The memo notes that, "with respect to re-parole requests … facial eligibility under these programs does not entitle an alien to re-parole. The alien still must demonstrate urgent humanitarian reasons or significant public benefit specific to his or her case and that he or she merits a favorable exercise of discretion for parole…" *Id.* Thus, USCIS has resumed adjudicating re-parole requests filed by parolees who were initially paroled under the Central American Minors parole program. The Alfonso-Royals memo provides that new or pending requests for initial CAM parole are still on adjudicative hold. *Id.*; *see also id.*, ECF No. 120-1 (June 9, 2025).

Notwithstanding the fact that Plaintiffs agreed in the previous three status letters that re-parole was not part of their case, *see* ECF Nos. 213 at 1, 3 n.3, 215 at 1, 3 n.2, 230 at 1, 3 n.3, they now aver, for the first time ever, that it is. It is not. Plaintiff's case challenges initial parole requests

---

settlement class members after a temporary pause as of July 1, 2025. Adherence to this court order does not reflect that parole adjudications under the current CAM program have resumed.

under the CAM Program, not re-parole. ECF No. 14 (Amended Complaint) ¶ 73 ("On September 13, 2021, the Defendants announced that *applications for the CAM Program* would be accepted beginning on September 14.") (emphasis added) and ECF No. 110 (Supplemental Complaint) (challenging the "CAM Enhancements," which creates a tiered priority system for CAM applicants). Nowhere does the term "re-parole" even appear in their operative pleadings, and Plaintiffs do not independently articulate a challenge on that basis. *See* ECF Nos. 14, 110. Plaintiffs' Prayer for Relief is also telling in this respect because it requests injunctive and declaratory relief of the CAM Program and the "CAM Enhancements," saying nothing about re-parole under CAM. *See* ECF No. 14 at 18 and ECF No. 110 at 35-36. As Plaintiffs' operative pleadings fail to articulate a claim challenging the adjudication of re-parole requests made by those initially paroled under CAM, it is no surprise that the parties did not brief this issue in the motion to dismiss briefing. *See* ECF Nos 122-124, 143, 152, 153 164. The CAM Program and "Enhancements" are paused, as explained *supra*. Thus, the Court should continue a stay of this case because Plaintiffs' own pleadings do not support moving forward in the way they propose.

Furthermore, termination of the CAM Program would have no impact on how USCIS is currently exercising its re-parole authority. The Immigration and Nationality Act authorizes the Secretary of Homeland Security to parole "any" applicant for admission temporarily "under such conditions as [the Secretary] may prescribe" "on a case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). Re-parole is the approval of a new period of parole for someone who was previously paroled into the United States, and does not concern an individual's initial parole application. Bureau of Population, Refugees, and Migration; Central American Minors Program, 88 Fed. Reg. 21694, 21792 (Apr. 11, 2023) ("Applications for re-parole under CAM for beneficiaries already in the United States are separate from CAM parole

initial processing and will still require a Form I–134 for case processing."). Anyone can apply for re-parole by filing Form I-131 with USCIS, regardless of whether they were initially paroled under a specific program or process. *See* Instruction for Form I-131, Application for Travel Documents, Parole Documents, and Arrival/Departure Records, p. 15 www.uscis.gov/sites/default/files/document/forms/i-131instr.pdf ("If an alien was initially paroled into the United States or granted parole in place under INA section 212(d)(5)(A) and they are requesting a new period of parole but not under a specific program or process…, they may apply for re-parole by selecting Part 1., Item Number 11."). USCIS considers such requests under its general parole authority. *Id.* at 3; 8 U.S.C. § 1182(d)(5)(A). The CAM Program announcement was a policy statement explaining how USCIS intended to exercise its existing parole authority; it did not provide separate authority for USCIS to grant parole. As indicated previously, USCIS is no longer considering re-parole requests for former CAM recipients under the CAM parole policy. These requests are now being adjudicated under USCIS' general humanitarian parole guidance, per the terms of the June 9 Alfonoso Royals memo, and consistent with the court order requiring the lifting of an administrative hold on adjudicating requests for re-parole in *Svitlana Doe*, 1:25-cv-10495, ECF No. 107 (D. Mass. May 28, 2025).

Accordingly, the Defendants respectfully request that the Court continue the administrative stay and closure of this case at this time. Defendants will report on any additional relevant developments in 63 days, on or before March 20, 2026.

**Plaintiffs' Position:** Plaintiffs disagree with the Defendants' position as to the advisability of stay and as to whether grants of re-parole under the CAM program are subject to this case.

*First*, a stay is not warranted here. The Defendants have had a year to review the CAM program and to conduct APA-compliant notice-and-comment rulemaking about it. Enough is enough. The Plaintiffs are entitled to have their day in court.

*Second*, the Defendants' ongoing practice of granting re-parole to CAM participants *is* subject to Defendants' claims for relief in this case and is therefore part of this case. The Amended Complaint asks this Court to "[e]njoin the Defendants' use of the parole authority under the Central American Minors Program" and to "[e]njoin the Defendants from carrying out the CAM Program until it engages in rulemaking pursuant to the APA[]." ECF No. 14 at 36. Because the re-paroles are being granted under the CAM Program, they are as much a part of this case as the initial grants of parole.

At the outset, it is important to note that, contrary to what Defendants imply, there is no such thing as "re-parole" that exists as a legal category separate from an initial grant of parole. The parole statute makes no provision for renewal of parole status, nor does it establish different legal criteria to govern such "re-parole" decisions. *See*, 8 U.S.C. § 1182(d)(5). Indeed, the term "re-parole" appears nowhere in the Immigration and Nationality Act. Therefore, any grant of "re-parole" is, legally speaking, the same thing as an initial grant of parole—it does not carry any separate or privileged legal status. The same standards that apply to an initial grant of parole apply to a grant of "re-parole." The Defendants point to nowhere in the Amended Complaint where the Plaintiffs specifically limited their claims only to initial grants of parole, and the Plaintiffs were not obligated to use the non-statutory term "re-parole" to ensure that their complaint covered all grants of parole to CAM beneficiaries. Nor is it relevant that the Defendants claim above that "[t]he CAM Program announcement was a policy statement explaining how USCIS intended to exercise its existing parole authority; it did not provide separate authority for USCIS to grant

parole." This claim goes to the heart of the merits of this case. Whether the CAM Program established extra-statutory criteria for the grant of parole is *exactly* what this case is about.

The Defendants justify their position by making the unsupported factual claim that they are properly applying the standards of the parole statute when adjudicating applications for re-parole of CAM beneficiaries. However, they provide no reason to believe this is so. Of particular concern is that the Defendants have refused the Plaintiffs' request to provide statistics about the number of grants versus denials of re-parole under the CAM program. Therefore, the Plaintiffs and this Court have no way of evaluating the accuracy of the Defendants' claim that DHS adjudicators are following the requirements of the Alfonso-Royals Memo to engage in a case-by-case evaluation of re-parole requests and that each recipient of re-parole actually does fulfill the statutory requirement of urgent humanitarian reasons or significant public benefit. For example, if a high proportion of re-parole requests are being granted, this would strongly suggest that re-parole requests are being rubber-stamped, that the Defendants are failing to engage in the statutorily required case-by-case analysis, and that they are failing to apply the strict standards of the parole statute.

Nor is it relevant that, in prior JSRs, a short phrase buried in a footnote—language that was drafted by DOJ—stated that re-parole decisions were not part of this case. A fleeting mention in a footnote is hardly sufficient to waive the claims that the Plaintiffs made in their Amended Complaint. *See White Glove Staffing, Inc. v. Methodist Hosps. of Dallas*, 947 F.3d 301, 308 (5th Cir. 2020) (refusing to consider issue raised only in a footnote and not in the body of the brief); United States v. McMillan, 600 F.3d 434, 457 n.75 (5th Cir. 2010) (same).

Accordingly, the Plaintiffs ask that this Court lift the stay, rule on the pending Motion to Dismiss on an expedited basis and that this case proceed to final adjudication on the merits.

Date: January 15, 2026                    Respectfully submitted,

James K. Rogers                           Ken Paxton
Arizona Bar No. 027287                    Attorney General
America First Legal Foundation
611 Pennsylvania Ave. SE #231             Brent Webster
Washington, DC 20003                      First Assistant Attorney General
202-964-3721
james.rogers@aflegal.org                  Ralph Molina
                                          Deputy First Assistant Attorney General

                                          Ryan D. Walters
                                          Deputy Attorney General for Legal Strategy

                                          /s/ *David Bryant*
                                          David Bryant
                                          Attorney-in-Charge
                                          Senior Special Counsel
                                          Texas Bar No. 03281500

                                          Munera Al-Fuhaid
                                          Special Counsel
                                          Texas Bar No. 24094501

                                          **Office of the Attorney General of Texas**
                                          PO Box 12548 (MC 009)
                                          Austin, TX 78711-2548
                                          Phone: (512) 936-2714
                                          Fax: (512) 457-4410
                                          David.Bryant@oag.texas.gov
                                          Munera.Al-Fuhaid@oag.texas.gov
                                          *Counsel for Plaintiff State of Texas*

                                          YAAKOV M. ROTH
                                          *Acting Assistant Attorney General*

                                          DREW C. ENSIGN
                                          *Deputy Assistant Attorney General*

                                          /s/ *Caroline McGuire*
                                          CAROLINE MCGUIRE
                                          *Senior Litigation Counsel*
                                          U.S. Department of Justice
                                          Civil Division
                                          Office of Immigration Litigation
                                          District Court Section

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
*Counsel for Defendants*


*/s/ Guadalupe Aguiree*
GUADALUPE AGUIRRE
International Refugee Assistance Project
One Battery Park Plaza, 33rd Floor
New York, NY 10004
929-246-0154
Fax: 516-324-2267
Email: laguiree@refugeerights.org

*/s/ Debra J. McComas*
Debra J. McComas
HAYNES & BOONE LLP
State Bar No. 00794261
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Tel. (214) 651-5000
Fax (214) 651-5940
*debbie.mccomas@haynesboone.com*
*Counsel for Defendant-Intervenors*


## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Caroline McGuire*
CAROLINE MCGUIRE
United States Department of Justice

9